IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES FRANCIS HARRIS,

      Plaintiff,

v.                                                             Civil Action No. 5:15cv30
                                                             (Judge Stamp)

MARVIN PLUMLEY, Warden,
ROBIN MILLER, Associate Warden of Operations,

      Defendants.

## REPORT AND RECOMMENDATION

### I.   Procedural History

The *pro se* Plaintiff initiated this case on March 16, 2015, by filing a civil rights complaint, pursuant to 42 U.S.C. § 1983 together with a Application to Proceed *in forma pauperis*. On March 17, 2015, the Plaintiff was granted leave to proceed *in forma pauperis*, and on March 31, 2015, he paid the required initial partial filing fee. On July 31, 2015, the Plaintiff filed a Motion to Amend his complaint which was granted on November 4, 2015. On November 16, 2015, the Plaintiff filed his amended complaint. This matter is now before the undersigned for a Report and Recommendation.

### II.   The Complaint

In his amended complaint, the Plaintiff alleges that he was injured due to a water leak. More specifically, he alleges that he slipped on the floor because of a severe water leak that maintenance would not fix, and he landed on his tailbone. The Plaintiff provides no date as to when this incident happened, and he did not answer any of the questions regarding the administrative grievance process, nor did he attach any relevant grievances.[1] For relief, he "wants to be treated outside of facility and

---

[1] The undersigned notes that the Plaintiff's original complaint involved an incident report and disciplinary proceeding involving allegations that he defecated in the shower. He attached grievances regarding that claim. It is unclear why the Plaintiff chose to file an amended complaint raising an entirely different issue. However, the Order granting leave to file an amended complaint gave him

receive suffering and damages." ECF No. 20 at 9..

### III. **Standard of Review**

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations which are "clearly baseless." See Neitzke at 327 and Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

*Pro se* complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged t construe liberally such complaints. However, in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded allegations in the

---

notice that only those defendants and claims presented in the amended complaint would be considered, and the original complaint would be superceded. ECF No. 18 at 2.

complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations." it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. *at* 555.

The Supreme Court elaborated on its holding in Twombly in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009), a civil rights case. The court wrote:

> Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is in inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [Twombly, 550 U.S.] at 555, 127 S.Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we " are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Id. at 556.
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S.Ct. At 1949-50.

## IV. Analysis

The Plaintiff's complaint concerns the conditions of his confinement, i.e., the slippery floor, which led to his fall. "To prevail on a 'conditions of confinement' claim under the Eighth Amendment, an inmate must establish that (1) the condition complained of is 'sufficiently serious' to implicate constitutional protection, and (2) prison officials acted with 'deliberate indifference' to inmate health

or safety.'" DeSpain v. Uphoff, 264 F.3d 865, 971 (10th Cir. 2001) (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)(further quotations omitted).

In order to satisfy the first prong of the Farmer test, the plaintiff must show that the standing-water problem rose to the level of a condition posing a substantial risk of serious harm" to his health or safety. While standing water is a potentially hazardous condition, slippery floors constitute a risk faced by members of the public at large on a daily basis. See Reynolds v. Powell, 370 F.3d 1028 (10th Cir. 2004). Therefore, federal courts from around the country have consistently held that slippery prison floors do not violate the Eighth Amendment. See LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993)(noting that "slippery prison floors...do not state even an arguable claim for cruel and unusual punishment")(quotation omitted); Denz v. Clearfield County, 712 F.Supp. 65, 66 (W.D. Pa. 1989)(finding no Eight Amendment violation based on slippery floor in prison cell); Mitchell v. West Virginia, 554 F.Supp. 1215, 1216-17 (N.D.W.Va. 1983)(finding no Eighth Amendment violation based on slippery floor in prison dining hall); Robinson v. Cuyler, 511 F.Supp. 161, 163 (E.D. Pa. 1981)(finding no Eighth Amendment violation based on slippery floor in prison kitchen); Turnstall v. Rowe, 478 F.Supp. 87, 89 (N.D. Ull. 1979) (finding no Eighth Amendment violation based on greasy prison stairway); Snyder v. Blankenship, 473 F. Supp. 1208 (W.D.Va. 1079) (finding no Eighth Amendment violation based on pool of soapy water from leaking dishwasher in prison kitchen), *aff'd*, 618 F.2d 104 (4th Cir. 1980). As this case law establishes, "[a] 'slip and fall," without more, does not amount to cruel and unusual punishment.... Remedy for this type of injury, if any, must be sought in state court under traditional tort law principles." Mitchell, supra at 1217. Nothing in the Plaintiff's claims distinguishes it from the typical prison slip and fall, and therefore, the Plaintiff is barred from seeking Eighth Amendment liability against the Defendants.

In addition, to the extent that the Plaintiff is attempting to allege a claim regarding his medical care, the plaintiff has failed to state a proper defendant. In order to establish personal liability against a defendant in a § 1983 action, the defendant(s) must be personally involved in the alleged wrong(s); liability cannot be predicated solely under *respondeat superior*. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977). The Plaintiff does not allege any personal involvement with his medical care by either defendants Plumley or Miller. Instead, the Plaintiff merely alleges that Plumley, as warden, "controls the facility and its actions," and Miller, as associate warden of operations, did not make maintenance "fix the ongoing problem." ECF No. 20 at 2. When a supervisor is not personally involved in the alleged wrongdoing, he may be liable under § 1983 if the subordinate acted pursuant to an official policy or custom which for he is responsible, see Fisher v. Washington Metropolitan Area Transit Authority, 690 F.2d 1113 (4th Cir. 1982); Orum v. Haines, 68 F. Supp.2d 726 (D.D. W.Va. 1999), or the following elements are established: "(1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a 'pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,' and (3) there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir.), *cert. denied,* 513 U.S. 813 (1994).

"Establishing a 'pervasive' and 'unreasonable' risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm or constitutional injury." Id. "A plaintiff may establish deliberate indifference by demonstrating a supervisor's 'continued inaction in the face

of documented widespread abuses.'" Id.

The Plaintiff makes no allegations in his complaint which reveals the presence of the required elements for supervisory liability against either Plumley or Miller. Further, the undersigned notes that the Fourth Circuit has held that non-medical personal may rely on the opinion of medical staff regarding the proper treatment of inmates. Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). Thus, Plumley and/or Miller could reply on the opinion of medical staff as to whether the Plaintiff needed additional medical care and/or testing. Consequently, the undersigned finds that the Plaintiff has failed to state a deliberate indifference claim against Plumley or Miller with respect to his medical care.

## V. Recommendation

For the reasons stated, the undersigned recommends that the Plaintiff's amended complaint be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted, and this matter be closed..

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket sheet.

DATED March 9. 2016.

>  /s Michael John Aloi  
> MICHAEL JOHN ALOI  
> UNITED STATES MAGISTRATE JUDGE