IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES FRANCIS HARRIS,

    Plaintiff,

v.                                      Civil Action No. 5:15CV30
                                                      (STAMP)
MARVIN PLUMLEY, Warden and
ROBIN MILLER, Associate Warden,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING THE REPORT AND**
**RECOMMENDATION OF THE MAGISTRATE JUDGE**
**AND DISMISSING THE PLAINTIFF'S COMPLAINT**

I.  Procedural History

The pro se[1] plaintiff filed this civil action asserting claims under 42 U.S.C. § 1983 on the court-approved § 1983 form complaint provided by the Clerk of Court. The case was referred to United States Magistrate Judge Michael John Aloi under Local Rule of Prisoner Litigation Procedure 2. The plaintiff originally filed this civil action to assert claims based on an administrative grievance regarding disciplinary proceedings brought against him in the prison where he was incarcerated at the time. The plaintiff then filed an amended complaint alleging a new claim based on a slip and fall incident, and abandoning his prior claim.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

Magistrate Judge Aloi issued a report and recommendation (ECF No. 22) recommending that the plaintiff's complaint be dismissed as frivolous under 28 U.S.C. § 1915(e)(2). The plaintiff did not file objections to the report and recommendation. For the following reasons, this Court AFFIRMS and ADOPTS the report and recommendation and DISMISSES the plaintiff's complaint.

## II. Facts

The plaintiff, James Francis Harris ("Harris"), alleges that he was injured due to a water leak. More specifically, he alleges that he slipped on the floor because of a severe water leak that maintenance personnel at the facility would not fix, and was injured when he landed on his tailbone. The plaintiff did not provide a date as to when this incident happened or any information regarding any administrative grievances he filed, nor did he attach any relevant grievances to his complaint.

## III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to findings where no objections were made, such findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to perform a judicial review of certain suits brought by prisoners and

must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint which fails to state a claim is not automatically frivolous. See id. at 328. Frivolity dismissals should be ordered only where the legal theories are "indisputably meritless," or where the claims rely on factual allegations that are "clearly baseless." See id. at 327; Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Further, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (citing Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

This Court must liberally construe pro se complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). While the plaintiff's allegations are assumed to be true, Erickson, 551 U.S. at 93, this Court may

3

not ignore a clear failure in the pleading to allege facts that set forth a claim.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390-91 (4th Cir. 1990).  This Court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), construct the plaintiff's legal arguments for him, id., or "conjure up questions never squarely presented" to the court.  Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## IV.  Discussion

The magistrate judge concluded that the plaintiff's complaint failed to allege sufficient facts to state a claim for deliberate indifference under the theories of:  failure to protect, conditions of confinement, or inadequate medical care.  The magistrate judge found no merit as to any claim posited by the plaintiff.  Further, the magistrate judge also found the plaintiff failed to allege sufficient facts to hold the defendants liable either personally or under a theory of supervisor liability.

A.  Failure to Protect

After reviewing the record, the magistrate judge correctly found that the plaintiff's Eighth Amendment claim alleging failure to protect is without merit.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of his rights under the Constitution or federal law.  42 U.S.C. § 1983.  A plaintiff may state a § 1983

claim for an Eighth Amendment violation by showing that prison officials violated their duty to protect him. Farmer v. Brennan, 511 U.S. 825, 833-34 (1994). "For a claim based on failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm," and that the prison officials acted with "deliberate indifference to [the] inmate['s] health or safety." Id. at 834.

Deliberate indifference requires a showing of two things. First, "that the official in question subjectively recognized a substantial risk of harm. It is not enough that the offic[ial] should have recognized it; they actually must have perceived the risk." Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 303 (4th Cir. 2004) (emphasis in original). Second, "that the official . . . subjectively recognized that his actions were inappropriate in light of that risk . . . . [I]t is not enough that the official should have recognized that his actions were inappropriate; the official actually must have recognized that his actions were insufficient." Id. (internal quotation marks omitted) (emphasis in original). Moreover, a claim for deliberate indifference requires more than mere negligence, as "deliberate indifference describes a state of mind more blameworthy than negligence." Farmer, 511 U.S. at 835.

The plaintiff alleges no facts which support his claim or show that prison officials violated their duty to protect him. The

plaintiff fails to show that he is incarcerated under conditions posing a substantial risk of serious harm and that the prison officials acted with deliberate indifference to his health or safety. The plaintiff does not allege that Marvin Plumley ("Plumley") or Robin Miller ("Miller") actually perceived the risk caused by the alleged water leak or that they subjectively recognized that their actions were inappropriate in light of that risk. The complaint states only that the plaintiff was injured after slipping and falling on standing water left by a leak that maintenance would not fix. This Court finds no clear error in the magistrate judge's analysis of the plaintiff's failure to protect claim.

B.  Conditions of Confinement

After reviewing the record, the magistrate judge correctly found that the plaintiff's Eighth Amendment claim alleging a condition of confinement violation is without merit. The magistrate judge concluded that the plaintiff may be attempting to allege a deliberate indifference claim based on the 'conditions of confinement'. "To prevail on a 'conditions of confinement' claim under the Eighth Amendment, an inmate must establish that (1) the condition complained of is 'sufficiently serious' to implicate constitutional protection, and (2) prison officials acted with 'deliberate indifference' to inmate health or safety.'" DeSpain v.

6

Uphoff, 264 F.3d 965, 971 (10th Cir. 2001) (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994) (further quotations omitted).

To satisfy the first prong, the plaintiff must show that the standing water problem rose to the level of a condition posing a substantial risk of serious harm to his health or safety. While standing water is a potentially hazardous condition, slippery floors constitute a risk faced by members of the public at large on a daily basis. See Reynolds v. Powell, 370 F.3d 1028 (10th Cir. 2004). Therefore, federal courts across the country have consistently held that slippery prison floors do not violate the Eighth Amendment. See LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993) (noting that "slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment") (quotation marks omitted); Denz v. Clearfield County, 712 F. Supp. 65, 66 (W.D. Pa. 1989) (finding no Eight Amendment violation based on a slippery floor in a prison cell); Mitchell v. West Virginia, 554 F. Supp. 1215, 1216-17 (N.D. W. Va. 1983) (finding no Eighth Amendment violation based on a slippery floor in a prison dining hall); Robinson v. Cuyler, 511 F. Supp. 161, 163 (E.D. Pa. 1981) (finding no Eighth Amendment violation based on a slippery floor in a prison kitchen). As this case law establishes, "[a] 'slip and fall,' without more, does not amount to cruel and unusual punishment . . . . Remedy for this type of injury, if any, must be

sought in state court under traditional tort law principles." Mitchell, 554 F. Supp. at 1217.

The plaintiff fails to allege that the standing water problem rose to the level of a condition posing a substantial risk of serious harm to his health or safety. The plaintiff merely alleges that a water leak existed and that maintenance did not fix the leak, causing him to slip and fall. These allegations are insufficient to constitute a conditions of confinement claim. This Court finds no clear error in the magistrate judge's analysis of the plaintiff's conditions of confinement claim.

C. Inadequate Medical Care

After reviewing the record, the magistrate judge correctly found that the plaintiff's Eighth Amendment claim alleging inadequate medical care is without merit. To state a claim under the Eight Amendment for inadequate medical care, a plaintiff must show that the defendant acted with deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A medical condition is serious in two circumstances. First, a serious medical condition exists when a physician has diagnosed that condition as mandating treatment, or the condition is so obvious that even a lay person would recognize the need for medical care. Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir. 1990), cert. denied, 500 U.S. 956 (1991). Second, a medical condition is serious if a delay in treatment causes a

lifelong handicap or permanent loss.  <u>Monmouth Cty. Corr. Inst. Inmates v. Lanzaro</u>, 834 F.2d 326, 347 (3d Cir. 1987), <u>cert. denied</u>, 486 U.S. 1006 (1988).  To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.  <u>Miltier v. Beorn</u> 896 F.2d 848, 851 (4th Cir. 1990), overruled in part on other grounds by <u>Farmer</u>, 511 U.S. at 837.

The magistrate concluded that to the extent that the plaintiff is attempting to allege a claim regarding his medical care, the plaintiff failed to state a proper defendant.  The plaintiff does not allege any personal involvement with his medical care by either defendants Plumley or Miller.  The plaintiff includes nothing in his complaint which describes any medical care that he did receive, or should have received.  Further, the plaintiff failed to name any proper defendants who did or should have medically treated him and provides no account of what actually happened regarding his medical care or what should have happened following the slip and fall.  This Court finds no clear error in the magistrate judge's analysis of the plaintiff's claims alleging inadequate medical care.

D. <u>Supervisor Liability</u>

After reviewing the record, the magistrate judge correctly found that the plaintiff failed to allege supervisor liability as

9

to the defendants.  The doctrine of respondeat superior does not apply in § 1983 claims.  <u>Love-lane v. Martin</u>, 355 F.3d 766, 782 (4th Cir. 2004); <u>see also</u> <u>Trulock v. Freeh</u>, 275 F.3d 391, 402 (4th Cir. 2001) (holding that there is no respondeat superior liability in a <u>Bivens</u> suit).  Liability of supervisory officials "is not based on ordinary principles of respondeat superior, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'"  <u>Baynard v. Malone</u>, 268 F.3d 228, 235 (4th Cir. 2001).  Supervisor liability under § 1983 must be supported with evidence that: "(1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a 'pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff, (2) the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,' and (3) there was an 'affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.'"  <u>Shaw v. Stroud</u>, 13 F.3d 791, 799 (4th Cir.), <u>cert. denied</u>, 513 U.S. 813 (1994).

The plaintiff makes no allegations in his complaint which satisfy the required elements for supervisory liability against either named defendant.  Instead, the plaintiff merely alleges that

as warden, Marvin Plumley "controls the facility and its actions," and that as associate warden of operations, Robin Miller did not instruct maintenance personnel to fix the alleged leak. The plaintiff does not allege any of the required elements for supervisory liability against either Plumley or Miller. Nothing in the plaintiff's claim distinguishes it from the typical prison slip and fall, and therefore, the plaintiff is barred from seeking Eighth Amendment liability against the defendants. This Court finds no clear error in the magistrate judge's analysis of the plaintiff's claims alleging supervisor liability.

## V. Conclusion

For the reasons set forth above, the plaintiff's allegations are frivolous and fail to state a claim upon which relief can be granted. Therefore, the report and recommendation of the magistrate judge (ECF No. 22) is AFFIRMED and ADOPTED. Accordingly, the plaintiff's complaint is DISMISSED.

Finally, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the plaintiff has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: June 16, 2016

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE